UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:20-CR-154-1BO(4)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **INDICTMENT** |
| | ) | |
| FIDEL SANTIBANEZ-JAIMES | ) | |

The Grand Jury charges that:

## COUNT ONE

On or about September 20, 2010, in the Eastern District of North Carolina and elsewhere, the defendant, FIDEL SANTIBANEZ-JAIMES, did knowingly attempt to procure his naturalization as a United States citizen contrary to law, by making a false statement under penalty of perjury regarding his naturalization application, that is:

a. On Part 10, Question 16 of his Application for Naturalization (Form N-400), in response to the question "Have you ever been arrested, cited or detained by any law enforcement officer (including USCIS or former INS and military officers) for any reason?" he answered "No" when in fact, as he then knew, he had been arrested for felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

b. On Part 10, Question 17 of his Application for Naturalization (Form N-400), in response to the question "Have you ever been charged with committing any crime or offense?" he answered "No" when in fact, as he then knew, he had been charged with felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

c. On Part 10, Question 21 of his Application for Naturalization (Form N-400), in response to the question "Have you ever been in jail or prison?" he answered "No" when in fact, as he then knew, he had been in jail for

1

felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

d. On Part 10, Question 22.c. of his Application for Naturalization (Form N-400), in response to the question "Have you ever . . . [s]old or smuggled controlled substances, illegal drugs or narcotics?" he answered "No" when in fact, as he then knew, he had smuggled marijuana on or about June 18, 1995, in Jackson County, Texas.

All in violation of Title 18, United States Code, Section 1425(a).

## COUNT TWO

On or about December 3, 2011, in the Eastern District of North Carolina and elsewhere, the defendant, FIDEL SANTIBANEZ-JAIMES, did knowingly attempt to procure his naturalization as a United States citizen contrary to law, by knowingly making a false statement under penalty of perjury regarding his naturalization application, that is:

a. On Part 10, Question 16 of his Application for Naturalization (Form N-400), in response to the question "Have you ever been arrested, cited or detained by any law enforcement officer (including USCIS or former INS and military officers) for any reason?" he answered "No" when in fact, as he then knew, he had been arrested for felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

b. On Part 10, Question 17 of his Application for Naturalization (Form N-400), in response to the question "Have you ever been charged with committing any crime or offense?" he answered "No" when in fact, as he then knew, he had been charged with felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

c. On Part 10, Question 21 of his Application for Naturalization (Form N-400), in response to the question "Have you ever been in jail or prison?" he answered "No" when in fact, as he then knew, he had been in jail for felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

d. On Part 10, Question 22.c. of his Application for Naturalization (Form N-400), in response to the question "Have you ever . . . [s]old or smuggled controlled substances, illegal drugs or narcotics?" he answered "No" when in fact, as he then knew, he had smuggled marijuana on or about June 18, 1995, in Jackson County, Texas.

e. On Part 10, Question 23 of his Application for Naturalization (Form N-400), in response to the question "Have you ever given false or misleading information to any U.S. Government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal?" he answered "No" when in fact, as he then knew, he had given false and misleading information to officials with United States Citizenship and Immigration Services when he failed to disclose in his application for naturalization on September 20, 2010 that he had smuggled marijuana and had been arrested and charged with felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

All in violation of Title 18, United States Code, Section 1425(a).

## COUNT THREE

On or about March 6, 2012, in the Eastern District of North Carolina and elsewhere, the defendant, FIDEL SANTIBANEZ-JAIMES, did knowingly attempt to procure his naturalization as a United States citizen contrary to law, by willfully making a material misrepresentation under oath during his naturalization interview, that is:

a. On Part 10, Question 16 of his Application for Naturalization (Form N-400), in response to the question "Have you ever been arrested, cited or detained by any law enforcement officer (including USCIS or former INS and military officers) for any reason?" he answered "Yes" and disclosed only arrests for misdemeanors, when in fact, as he then knew, he had been arrested for felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

b. On Part 10, Question 17 of his Application for Naturalization (Form N-400), in response to the question "Have you ever been charged with

3

committing any crime or offense?" he answered "Yes" and disclosed only charges for misdemeanors, when in fact, as he then knew, he had been arrested for felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

c. On Part 10, Question 21 of his Application for Naturalization (Form N-400), in response to the question "Have you ever been in jail or prison?" he answered "Yes" and disclosed only having been in jail for misdemeanors, when in fact, as he then knew, he had been in jail for felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

d. On Part 10, Question 22.c. of his Application for Naturalization (Form N-400), in response to the question "Have you ever . . . [s]old or smuggled controlled substances, illegal drugs or narcotics?" he answered "No" when in fact, as he then knew, he had smuggled marijuana on or about June 18, 1995, in Jackson County, Texas.

e. On Part 10, Question 23 of his Application for Naturalization (Form N-400), in response to the question "Have you ever given false or misleading information to any U.S. Government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal?" he answered "No" when in fact, as he then knew, he had given false and misleading information to officials with United States Citizenship and Immigration Services when he failed to disclose in his application for naturalization on September 20, 2010 that he had smuggled marijuana and had been arrested and charged with felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

All in violation of Title 18, United States Code, Section 1425(a).

### COUNT FOUR

On or about March 9, 2012, in the Eastern District of North Carolina and elsewhere, the defendant, FIDEL SANTIBANEZ-JAIMES, did knowingly attempt to procure his naturalization as a United States citizen contrary to law, by making a material false statement regarding his naturalization application, that is, on

Question 3 of his Notice of Naturalization Oath Ceremony (Form N-445), in response to the question "AFTER the date you were first interviewed on your Application for Naturalization, Form N-400: . . . have you knowingly committed any crime or offense, for which you have not been arrested?" he answered "No" when in fact, as he then knew, he had knowingly committed the crime and offense of failure to appear in court in Jackson County, Texas, since on or about October 31, 1995.

All in violation of Title 18, United States Code, Section 1425(a).

## COUNT FIVE

On or about March 9, 2012, in the Eastern District of North Carolina and elsewhere, the defendant, FIDEL SANTIBANEZ-JAIMES, did knowingly procure his naturalization as a United States citizen contrary to law, by knowingly making a material misrepresentation causing his acquisition of citizenship, that is:

   a. On Part 10, Question 16 of his Application for Naturalization (Form N-400), in response to the question "Have you ever been arrested, cited or detained by any law enforcement officer (including USCIS or former INS and military officers) for any reason?" he answered "Yes" and disclosed only arrests for misdemeanors, when in fact, as he then knew, he had been arrested for felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

   b. On Part 10, Question 17 of his Application for Naturalization (Form N-400), in response to the question "Have you ever been charged with committing any crime or offense?" he answered "Yes" and disclosed only charges for misdemeanors, when in fact, as he then knew, he had been arrested for felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

   c. On Part 10, Question 21 of his Application for Naturalization (Form N-400), in response to the question "Have you ever been in jail or prison?" he answered "Yes" and disclosed only having been in jail for

5

misdemeanors, when in fact, as he then knew, he had been in jail for felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

d. On Part 10, Question 22.c. of his Application for Naturalization (Form N-400), in response to the question "Have you ever . . . [s]old or smuggled controlled substances, illegal drugs or narcotics?" he answered "No" when in fact, as he then knew, he had smuggled marijuana on or about June 18, 1995, in Jackson County, Texas.

e. On Part 10, Question 23 of his Application for Naturalization (Form N-400), in response to the question "Have you ever given false or misleading information to any U.S. Government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal?" he answered "No" when in fact, as he then knew, he had given false and misleading information to officials with United States Citizenship and Immigration Services when he failed to disclose in his application for naturalization on September 20, 2010 that he had smuggled marijuana and had been arrested and charged with felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

f. On Question 3 of his Notice of Naturalization Oath Ceremony (Form N-445), in response to the question "AFTER the date you were first interviewed on your Application for Naturalization, Form N-400: . . . have you knowingly committed any crime or offense, for which you have not been arrested?" he answered "No" when in fact, as he then knew, he had knowingly committed the crime and offense of failure to appear in court in Jackson County, Texas, since on or about October 31, 1995.

All in violation of Title 18, United States Code, Section 1425(a).

## COUNT SIX

On or about March 9, 2012, in the Eastern District of North Carolina and elsewhere, the defendant, FIDEL SANTIBANEZ-JAIMES, did knowingly procure evidence of citizenship for himself, to which he was not entitled, that is, the defendant obtained Certificate of Naturalization # XXXXX9923 by virtue of his naturalization

6

as a United States citizen, which the defendant knew to have been procured contrary to law, in that:

    a. On Part 10, Question 16 of his Application for Naturalization (Form N-400), in response to the question "Have you ever been arrested, cited or detained by any law enforcement officer (including USCIS or former INS and military officers) for any reason?" he answered "Yes" and disclosed only arrests for misdemeanors, when in fact, as he then knew, he had been arrested for felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

    b. On Part 10, Question 17 of his Application for Naturalization (Form N-400), in response to the question "Have you ever been charged with committing any crime or offense?" he answered "Yes" and disclosed only charges for misdemeanors, when in fact, as he then knew, he had been arrested for felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

    c. On Part 10, Question 21 of his Application for Naturalization (Form N-400), in response to the question "Have you ever been in jail or prison?" he answered "Yes" and disclosed only having been in jail for misdemeanors, when in fact, as he then knew, he had been in jail for felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

    d. On Part 10, Question 22.c. of his Application for Naturalization (Form N-400), in response to the question "Have you ever . . . [s]old or smuggled controlled substances, illegal drugs or narcotics?" he answered "No" when in fact, as he then knew, he had smuggled marijuana on or about June 18, 1995, in Jackson County, Texas.

    e. On Part 10, Question 23 of his Application for Naturalization (Form N-400), in response to the question "Have you ever given false or misleading information to any U.S. Government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal?" he answered "No" when in fact, as he then knew, he had given false and misleading information to officials with United States Citizenship and Immigration Services when he failed to disclose in his application for naturalization on September 20, 2010 that he had smuggled marijuana and had been arrested and charged with felony

possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

    f. On Question 3 of his Notice of Naturalization Oath Ceremony (Form N-445), in response to the question "AFTER the date you were first interviewed on your Application for Naturalization, Form N-400: . . . have you knowingly committed any crime or offense, for which you have not been arrested?" he answered "No" when in fact, as he then knew, he had knowingly committed the crime and offense of failure to appear in court in Jackson County, Texas, since on or about October 31, 1995.

All in violation of Title 18, United States Code, Section 1425(b).

## COUNT SEVEN

Sometime on or after March 9, 2012, in the Eastern District of North Carolina and elsewhere, the defendant, FIDEL SANTIBANEZ-JAIMES, did knowingly apply for and attempt to procure evidence of citizenship for himself, to which he was not entitled, that is, the defendant attempted to obtain a United States passport by virtue of his naturalization as a United States citizen, which the defendant knew to have been procured contrary to law, in that:

    a. On Part 10, Question 16 of his Application for Naturalization (Form N-400), in response to the question "Have you ever been arrested, cited or detained by any law enforcement officer (including USCIS or former INS and military officers) for any reason?" he answered "Yes" and disclosed only arrests for misdemeanors, when in fact, as he then knew, he had been arrested for felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

    b. On Part 10, Question 17 of his Application for Naturalization (Form N-400), in response to the question "Have you ever been charged with committing any crime or offense?" he answered "Yes" and disclosed only charges for misdemeanors, when in fact, as he then knew, he had been arrested for felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

c. On Part 10, Question 21 of his Application for Naturalization (Form N-400), in response to the question "Have you ever been in jail or prison?" he answered "Yes" and disclosed only having been in jail for misdemeanors, when in fact, as he then knew, he had been in jail for felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

d. On Part 10, Question 22.c. of his Application for Naturalization (Form N-400), in response to the question "Have you ever . . . [s]old or smuggled controlled substances, illegal drugs or narcotics?" he answered "No" when in fact, as he then knew, he had smuggled marijuana on or about June 18, 1995, in Jackson County, Texas.

e. On Part 10, Question 23 of his Application for Naturalization (Form N-400), in response to the question "Have you ever given false or misleading information to any U.S. Government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal?" he answered "No" when in fact, as he then knew, he had given false and misleading information to officials with United States Citizenship and Immigration Services when he failed to disclose in his application for naturalization on September 20, 2010 that he had smuggled marijuana and had been arrested and charged with felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

f. On Question 3 of his Notice of Naturalization Oath Ceremony (Form N-445), in response to the question "AFTER the date you were first interviewed on your Application for Naturalization, Form N-400: . . . have you knowingly committed any crime or offense, for which you have not been arrested?" he answered "No" when in fact, as he then knew, he had knowingly committed the crime and offense of failure to appear in court in Jackson County, Texas, since on or about October 31, 1995.

All in violation of Title 18, United States Code, Section 1425(b).

## COUNT EIGHT

Sometime on or about April 19, 2012, in the Eastern District of North Carolina and elsewhere, the defendant, FIDEL SANTIBANEZ-JAIMES, did knowingly procure evidence of citizenship for himself, to which he was not entitled, that is, the

9

defendant obtained United States passport # XXXXX8550 by virtue of his naturalization as a United States citizen, which the defendant knew to have been procured contrary to law, in that:

    a. On Part 10, Question 16 of his Application for Naturalization (Form N-400), in response to the question "Have you ever been arrested, cited or detained by any law enforcement officer (including USCIS or former INS and military officers) for any reason?" he answered "Yes" and disclosed only arrests for misdemeanors, when in fact, as he then knew, he had been arrested for felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

    b. On Part 10, Question 17 of his Application for Naturalization (Form N-400), in response to the question "Have you ever been charged with committing any crime or offense?" he answered "Yes" and disclosed only charges for misdemeanors, when in fact, as he then knew, he had been arrested for felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

    c. On Part 10, Question 21 of his Application for Naturalization (Form N-400), in response to the question "Have you ever been in jail or prison?" he answered "Yes" and disclosed only having been in jail for misdemeanors, when in fact, as he then knew, he had been in jail for felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

    d. On Part 10, Question 22.c. of his Application for Naturalization (Form N-400), in response to the question "Have you ever ... [s]old or smuggled controlled substances, illegal drugs or narcotics?" he answered "No" when in fact, as he then knew, he had smuggled marijuana on or about June 18, 1995, in Jackson County, Texas.

    e. On Part 10, Question 23 of his Application for Naturalization (Form N-400), in response to the question "Have you ever given false or misleading information to any U.S. Government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal?" he answered "No" when in fact, as he then knew, he had given false and misleading information to officials with United States Citizenship and Immigration Services when he failed to disclose in his application for naturalization on September 20, 2010 that he had

10

smuggled marijuana and had been arrested and charged with felony possession of marijuana on or about June 18, 1995, in Jackson County, Texas.

f. On Question 3 of his Notice of Naturalization Oath Ceremony (Form N-445), in response to the question "AFTER the date you were first interviewed on your Application for Naturalization, Form N-400: . . . have you knowingly committed any crime or offense, for which you have not been arrested?" he answered "No" when in fact, as he then knew, he had knowingly committed the crime and offense of failure to appear in court in Jackson County, Texas, since on or about October 31, 1995.

All in violation of Title 18, United States Code, Section 1425(b).

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

F/OREPERSON

DATE: 9/16/2020

ROBERT J. HIGDON, JR.
United States Attorney

BY: SEBASTIAN KIELMANOVICH
Assistant United States Attorney

11